UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry A. Derr,

        Plaintiff,

        v.

DJO, L.L.C.; DJO, Incorporated;
I-Flow Corporation;

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-3076 ADM/JJK

_____

Heather A. Brann, Esq., Leslie W. O'Leary, Esq., Michael L. Williams, Esq., and Thomas B. Powers, Esq., Williams Love O'Leary and Powers, P.C., Portland, OR; Laura B. Kalur, Esq., Kalur Law Office, Portland, OR; Ted Meadows, Esq., E. Frank Woodson, Esq., and Matthew E. Munson, Esq., Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL; and Yvonne M. Flaherty, Esq., and Caia V. Johnson, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, on behalf of Plaintiff.

Bradley J. Lindeman, Esq., Elizabeth Snyder Poeschl, Esq., and Jon R. Russell, Esq., Meagher & Geer, PLLP, Minneapolis, MN, on behalf of Defendants DJO, L.L.C. and DJO, Incorporated.

Michael C. Lindberg, Esq., Johnson & Lindberg, PA, Minneapolis, MN, on behalf of Defendant I-Flow Corporation.
_____

# I. INTRODUCTION

On November 24, 2010, the undersigned United States District Judge heard oral argument on Defendant I-Flow Corporation's ("I-Flow") Motion to Dismiss and Transfer Venue [Docket No. 24]. On October 1, 2010, the Court heard oral argument on Defendants DJO, L.L.C. and DJO, Incorporated's (collectively "DJO") Motion to Dismiss [Docket No. 10]. Plaintiff Larry A. Derr ("Derr") opposed both motions with respect to dismissal but consented to change of venue at oral argument. For the reasons set forth below, I-Flow's motion is granted, DJO's motion is denied as moot, and this case is transferred to the United States District Court

for the District of Oregon (the "District of Oregon").

## II. BACKGROUND

On November 12, 2003, Derr underwent shoulder surgery in Portland, Oregon. Compl. [Docket No. 1] ¶ 5. During the surgery, doctors implanted a "pain pump" into his shoulder. Compl. ¶ 5. Pain pumps are used to manage post-operative pain and inject medication directly into a patient's shoulder joint. Compl. ¶ 11. Pain pumps typically remain implanted for around forty-eight hours following surgery, injecting medication directly into the shoulder joint on a continuous basis. See Compl. ¶ 11.

Pain pumps have been linked to chondrolysis, a condition occurring when the cartilage in a joint is lost. See Compl. ¶ 12. Derr alleges that the anesthetic medication released by his pain pump destroyed the cartilage in his shoulder, causing chondrolysis. Compl. ¶ 12. Either DJO or I-Flow allegedly promoted, manufactured, and distributed the pain pump used in Derr's surgery. See Compl. ¶ 5.

Derr is a resident of Oregon. Compl. ¶ 4. DJO, L.L.C and DJO, Incorporated are Delaware corporations with their principal place of business in Vista, California. Compl. ¶ 7. I-Flow is also a Delaware corporation with its principal place of business in California. Comp. ¶ 8. Derr brought suit in the United States District Court for the District of Minnesota (the "District of Minnesota") against DJO and I-Flow. The instant case is one of thousands of products liability lawsuits, many involving pain pumps, brought in this District, presumably to take advantage of Minnesota's liberal six-year statute of limitations period. See, e.g., Evans v. Breg, Inc., Civ. No. 10-175, 2010 WL 2985691, *1 (D. Minn. July 26, 2010) (noting existence of thousands of product-liability actions in District of Minnesota and noting that vast majority were

filed to take advantage of statute of limitations).

The first motion in this case was DJO's Motion to Dismiss. DJO argues that Derr's claims are barred by Minnesota's six-year statute of limitations. I-Flow next moved to dismiss, arguing that Derr's civil conspiracy and attorney's fees claims were improper under Oregon law. I-Flow also sought transfer to the District of Oregon. For his part, Derr opposes the motions as to dismissal but consents to transfer to the District of Oregon.

### III. DISCUSSION

I-Flow seeks to transfer this case to the District of Oregon pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Deciding whether to transfer requires consideration of three factors: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Transfer should be determined after a case-by-case evaluation of the particular circumstances and consideration of all relevant factors. Id.

As a threshold matter, there is no dispute that this case could have been brought in the District of Oregon. Therefore, this action could have been brought in either forum, and the Court will focus its attention on the Terra factors.

Based on the Terra factors, all parties agree that transfer is appropriate. Indeed, the convenience of the parties and witnesses favors transfer to the District of Oregon as the surgery took place in Oregon, Derr resides in Oregon, and the doctors involved in the surgery and recovery all are present in Oregon.

I-Flow and DJO, however, argue that the interests of justice require the court to rule on the merits of their dismissal arguments prior to transfer. The Court does not agree. The District of Oregon is fully capable of ruling on the merits of both I-Flow and DJO's motions. While DJO's motion requires application of Minnesota law, specifically statute of limitations, the District of Oregon is fully capable of applying the law of other states. Furthermore, the merits of I-Flow's dismissal arguments are best left to the District of Oregon as they invoke a somewhat novel theory based on <u>Dean v. DJO, LLC</u>, Civ. No. 09-1193-AA, 2010 WL 1999295 (D. Or. May 17, 2010), a case from the District of Oregon that is under reconsideration. Judicial economy demands that this case be transferred so that all issues and pending motions be resolved in the same forum. Therefore, this case will be transferred to the District of Oregon and DJO's Motion to Dismiss is denied as moot.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. DJO's Motion to Dismiss [Docket No. 10] is **DENIED**;

2. I-Flow's Motion to Dismiss and Transfer Venue [Docket No. 24] is **GRANTED** as to transfer of venue; and

3. Venue shall be transferred to the United States District Court for the District of Oregon.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 3, 2010.